# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3708

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Juan Diego Molina, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 12, 2000
Filed: September 28, 2000

_____

Before BOWMAN and BEAM, Circuit Judges, and BOGUE,[1] District Judge.

_____

PER CURIAM.

Juan Diego Molina, convicted after trial by jury on three counts of distribution of methamphetamine and one count of using a communication facility in the commission of a drug offense, appeals both his conviction and the resulting sentence. He argues that the District Court[2] erred in denying his motion for judgment of acquittal,

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

claiming entrapment as a matter of law. As to his sentence, he argues that the District Court committed plain error in applying a two-level enhancement for obstruction of justice.

Molina's entrapment argument must fail, inasmuch as the evidence does not clearly show entrapment as a matter of law. In particular, there is testimony from the government's cooperator, one Burdette Twiford, that prior to any request by Twiford to purchase drugs from Molina, Molina asked Twiford whether Twiford wanted to buy thirty pounds of marijuana that Molina's brother was trying to sell. Thereafter, Twiford asked Molina whether Molina could get him pound quantities of methamphetamine, which Molina was able to do and did do, delivering a pound of methamphetamine. On the basis of this and other evidence in the trial record, the case is distinguishable from United States v. Brooks, 215 F.3d 842 (8th Cir. 2000), and other cases in which entrapment as a matter of law has been found. We are satisfied that the government presented a submissible case and that Molina's motion for a judgment of acquittal was correctly denied.

The imposition of the two-level sentencing enhancement for obstruction of justice, to which Molina did not object, was not plain error. At the sentencing hearing, and as part of an agreement with the government to a total offense level of thirty-four, Molina withdrew all objections to the pre-sentence investigation report, including his objection to the obstruction of justice enhancement. Molina thus has waived the issue.

Molina's conviction and sentence are affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.